IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES MARABLE and KIM MARABLE ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Q CARRIERS, INC. and MASON T. ) | |
| WILLIAMS, ) | |
| ) | |
| Defendants. ) | |
| ) | CASE NO. 3:12-00818 |
| and ) | JUDGE SHARP/KNOWLES |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | JURY DEMAND |
| INSURANCE COMPANY a/s/o JAMES W. ) | |
| and KIM MARABLE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| MASON T. WILLIAMS and SUMMIT ) | |
| EQUIPMENT LEASING, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court, *sua sponte,* with regard to an issue concerning this Courts jurisdiction. "[E]very federal court, whether trial or appellate, is obliged to notice want of subject matter jurisdiction on its own Motion." *Things Remembered, Inc. v. Petrarca, Inc.*, 516 U.S. 124, 132 n.1 (Ginsburg, J., concurring). *See also Answers in Genesis of Kentucky, Inc., v. Creation Ministries International, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have

a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.").

Defendants removed this action from the Circuit Court for Davidson County, Tennessee, arguing that the Court has jurisdiction over this case pursuant to 29 U.S.C. § 1332(a)(1)(Diversity of Citizenship). Docket No. 1.

The Complaint identifies Plaintiffs as citizens of the State of Tennessee. Defendant Summit Equipment Leasing, LLC, is identified as "a citizen of the State of Minnesota, in that it is a corporation organized in the State of Minnesota with its principal place of business in Minnesota." Docket No. 1, p. 3. Despite this statement, it appears that Summit is an LLC, not a "corporation."

The allegations regarding Defendant are not sufficient to establish that this Court has diversity jurisdiction of this action. The Sixth Circuit has held that the citizenship of a limited liability company is determined by the citizenship of its members, and not by reference to the laws of the state in which it is incorporated or the state in which it has its principal place of business. *See Delay v. Rosenthal Collins Group, LLC*, 585 F. 3d 1003, 1005 (6th Cir. 2009).

The burden of establishing the requirements of diversity jurisdiction, in this removal case, rests upon Defendant, who has removed the case and invoked the Court's jurisdiction. *See Long v. Bando Mfg. of Am., Inc.,* 201 F. 3d 754, 757 (6th Cir. 2000).

Within twenty (20) days of entry of this Order, Defendant shall file a Response to this Order addressing the points discussed above and establishing that the Court does, in fact, have subject matter jurisdiction of this action. Plaintiff may file a Reply to Defendant's Response within fifteen (15) days of the filing of Defendant's Response.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge