IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES MARABLE and KIM MARABLE, | * |
| Plaintiffs, | * |
| v. | * Case No. 3:12-cv-818 |
| Q CARRIERS, INC. and MASON T. WILLIAMS | * JURY DEMAND |
| | * Judge Sharp |
| Defendants. | * Magistrate Judge Knowles |
| *and* | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY a/s/o JAMES W. AND KIM MARABLE, | |
| Plaintiff, | |
| v. | |
| MASON T. WILLIAMS and SUMMIT EQUIPMENT LEASING, LLC, | |
| Defendants. | |

## ORDER AND AUTHORIZATION FOR EMPLOYMENT RECORDS

Comes now the Plaintiff, James Marable, by and through his attorney, Morgan Adams, and Defendants, by and through their attorneys, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, and agree that the Defendants should have an Order and authorization to acquire employment records as they pertain to James Marable, DOB: xx/xx/1948, SSN: xxx-xx-3053, which are in the possession of any past, present or potential employer.

All records acquired should be paid for by the Defendants and/or their attorneys, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, and copies provided to Plaintiff's counsel within ten (10) days from receipt of same; however, that if records are obtained less than thirty

(30) days prior to a hearing, deposition or trial, they shall be furnished to counsel for the Plaintiff immediately.

It is further

ORDERED that Defendants are hereby authorized to inspect, reproduce, and copy all employment records as they pertain to James Marable, DOB: xx/xx/1948, SSN: xxx-xx-3053, that are in the possession of any past, present or potential employer. Further, it is

ORDERED that said past, present or potential employers are ordered and authorized to release said information pertaining to Plaintiff. Further, it is

ORDERED that all records so acquired by this Order and authorization shall be paid by Defendants and/or their attorneys, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, and copies provided to Plaintiff's counsel, within ten (10) days from receipt of same and that each page of such records supplied shall have a "Bates" stamp number or other numbering sufficient to identify each such page in numerical order. However, if records are obtained less than thirty (30) days prior to a hearing, deposition or trial, they shall be furnished to counsel for the Plaintiff immediately. Further, it is

ORDERED that if documents are examined and not copied, Plaintiff's counsel will be provided the name and address of the place where the documents exist, a listing of all documents examined and not copied within ten (10) days of such inspection. Further, it is

ORDERED that in the event the Defendant intends to use at trial any information reviewed pursuant to this Order of which copies are not obtained, Defendant shall advise counsel for the Plaintiff of that intent not less than thirty (30) days prior to trial. Further, it is

ORDERED that this Order and Authorization is not a waiver of plaintiff's right of privacy. <u>Plaintiff's counsel hereby advises all of plaintiff's past, present or potential employers that this Agreed Order does not authorize any communication or ex parte, or private conferences by and among any attorneys or their agents with any employer or any entity in possession of such employment and/or personnel records, unless plaintiff's counsel is present at such conference.</u>

This Order shall expire upon final disposition of this case and the law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, or their designated representatives, shall be prohibited from using the Order thereafter and copies of all records obtained shall be destroyed no later than one (1) year after the time for appeals has been exhausted.

The defendants stipulate that the records obtained from any past, present or potential employer are authentic, and are kept in the regular course of business.

If any records obtained or reviewed with the Order are not provided or revealed to Plaintiff's counsel as provided herein, and/or if any *ex parte* discussions occur in violation of this Order, then sanctions may issue to specifically include prohibition of the use of said records, and/or prohibition of the use of any information discovered pursuant to any said *ex parte* discussions, for any purpose whatsoever and at any time in connection with this litigation.

ENTERED this _____ day of _____, 2012.

                                                 E. Clifton Knowles
                                               JUDGE

APPROVED FOR ENTRY:
**LAW OFFICES OF MORGAN G. ADAMS**

BY: _Morgan G. Adams_ by *[signature]*
     MORGAN G. ADAMS, BPR # 013693
     ATTORNEYS FOR PLAINTIFFS
1419 Market Street
Chattanooga, TN 37402
Telephone: 423-265-2020
Fax: 423-265-2025

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

BY: _[signature]_
     CLARENCE RISIN, BPR # 16874
     V. AUSTIN SHAVER, BPR #26581
     ATTORNEYS FOR DEFENDANTS
P.O. Box 190613
Nashville, TN 37219
Telephone: 615-726-5600
Fax: 615-720-0464